SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
MARK L. KROTOSKI (CABN 139549)
Chief, Criminal Division
CARLOS SINGH (PASBN 50581)
Assistant United States Attorney

Attorney for Plaintiff
United States of America

150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5065
Fax: (408) 535-5066
E-mail: carlos.singh@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

*E-FIELD - 3/26/07*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>FREDERICK L. SHIRLEY,<br>Defendant | No. CR 99-20092-RMW<br><br>STIPULATION AND ORDER |

**BACKGROUND**

Movant Frederick Shirley filed his §2255 Motion on October 4, 2006. On the same date movant also filed a motion for discovery, seeking among other items, discovery of reports by agents of Internal Revenue Service, Criminal Investigation Division which would establish the date of the government's knowledge of information that it had a duty to disclose under Brady about Revenue Agent Clarence Walker, who was the government's chief witness against movant at trial. At the hearing on November 13, 2006, the Court stayed consideration of the discovery motion pending filing of an Answer, and granted the government's request for an extension until January 19, 2007 to file a response to the §2255 Motion and motion on timeliness.

At the government's request, movant stipulated and this Court granted a second extension until February 23, 2007 to allow compliance with AUSA Singh's request to the IRS and FBI for copies of reports relating to an investigation of Clarence Walker. Although

government counsel was only requesting copies of investigative reports, search warrants and any other information that established when government agents learn of Walker's involvement in criminal activity, and was not requesting tax returns and related information, the IRS requested that government counsel file an ex parte tax application to obtain the requested information. After discussions with the Treasury Department and IRS general counsel's office, government counsel was informed that because of IRS regulations no information (even though disclosed as discovery in Clarence Walker's case) could be disclosed unless an ex parte tax application was filed. Without the information, government counsel was not in a position to respond to Mr. Shirley's Section 2255 motion.

Government counsel filed the application. On March 5, 2007, government counsel received an approved order requiring the Treasury Department and IRS to disclose the requested information. That order was forwarded to the IRS on March 5, 2007. Government counsel expects to receive the requested information by March 9, 2007. (Government counsel has kept Mr. Shirley's counsel informed as to the status of this matter.)

In connection with Mr. Shirley's discovery motion, unless there is a need for an in camera court review of certain records, the government will provide discovery shortly after it is received. Both parties believe that obtaining documentary discovery may enable a resolution of this matter, and agree that the government's obligation to file an Answer and/or any motions raising an affirmative defense to the §2255 Motion should be stayed while the parties conduct discovery.

**STIPULATIONS**

Therefore, based on the representations herein, the parties hereby agree and stipulate as follows:

1. The government's obligation to file an Answer in response to the §2255 motion and any motion asserting a procedural defense (including timeliness) to the §2255 motion shall be stayed until further order of the Court, to allow the parties to conduct discovery first;

2. The following discovery in possession of the Internal Revenue Service, TIGNA (the Treasury Inspector General for Tax Administration), the Federal Bureau of

Investigation, and/or the Department of Justice shall be produced to movant's counsel within 20 days of the order, and items already in possession of the U.S. Attorney's Office shall be disclosed forthwith:

a. All reports and surveillance logs from the investigation entitled "Cyberstorm" or related investigations which reference agents' observations of Clarence Walker, or inquiries or investigation regarding Clarence Walker's possible involvement with the subjects of the Cyberstorm investigation;

b. All reports which state the dates when federal investigators obtained banking records which reference any payments to Clarence Walker by Worldwide Sales ("WWS") or its principals (or any other person under criminal investigation);

c. Any reports prepared prior to September 27, 2003 by federal agents or prosecutors that reference Clarence Walker's suspected involvement in criminal activity, or his receipt of funds from persons under investigation, including but not limited to all reports prepared by agents involved in the Cyberstorm investigation that reference Mr. Walker by name;

d. All reports prepared by Special Agent Connie Militano regarding her investigation of Clarence Walker, including the report of her interview(s) with Mr. Walker;

e. All documents relied upon by Special Agent Anthony Armentano in preparing his declaration filed in the 28 U.S.C. §2255 case of Cliffina Johnson;

f. Any documents that reveal the date(s) when federal investigators first learned information about Mr. Walker that would tend to impeach his credibility or would tend to lead to impeaching information; and

g. A list of the names and contact information of all federal agents who worked on the Cyberstorm investigation and the criminal investigation of Clarence Walker.;

3. If the government seeks to make any portion of the discovery subject to a protective order, it shall submit such documents <u>in camera</u> promptly upon obtaining them, and shall notify the defendant of such a motion, identifying the type of documents submitted for <u>in camera</u> review; and

4. Movant's discovery motion shall be heard by this Court on March 30,

2007at 10:30a.m., the date already set for a case management conference in Cliffina Johnson's case, the companion case to this one. Counsel shall file a joint progress report to the Court by March 28, 2007 reporting on discovery compliance.

________/S/_________________
Suzanne A. Luban, Esq.
Counsel for Frederick L. Shirley

March 6, 2007

_________/S/________________
Carlos Singh
Assistant United States Attorney

March 6, 2007

**IT IS SO ORDERED.**

March 26, 2007

Ronald M. Whyte
RONALD M. WHYTE
United States District Judge